## WM. J. LARIMER V. FANNY KELLY.

JURY—*Misconduct; Intoxicating Liquors.* Where a case has been submitted to the jury, and the jury have retired to consider of their verdict, but afterward have separated by permission of the court, and with the consent of both the parties, the mere drinking of intoxicating liquor by one of the jurors while the jury are thus separated will not of itself have the effect to require that the verdict afterward rendered by the jury shall be set aside and a new trial granted.

### *Error from Woodson District Court.*

THIS case was here twice before. (10 Kas., 298, and 307.) On filing the mandate in the court below, (Allen county district court,) a change of venue was taken to Woodson county, where the case was tried at the June Term, 1873. Verdict and judgment in favor of *Kelly* for $285.50. *Larimer* moved for a new trial on the ground of alleged misconduct of a juror in drinking intoxicating liquors. Motion overruled, and *Larimer* brings the case here. The only error assigned is the overruling of said motion.

*H. W. Talcott,* and *L. W. Keplinger,* for plaintiff in error.

*W. A. Johnson,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The record shows that this case was regularly tried before a jury in the court below. The jury retired to consider of their verdict. Afterward one of the jurors became sick, and the court, with the assent of both parties, allowed the jury to separate till next morning at 8½ o'clock. At about eight o'clock the next morning one of the jurors took a drink of intoxicating liquor. Afterward the court convened, and the jury again retired to consider of their verdict, and subsequently returned into the court-room and rendered their verdict in favor of the plaintiff below (defendant in error,) and against the defendant below (plaintiff in error) for the sum of $285.50. Afterward the defendant be-

low moved for a new trial on the ground among others for misconduct of jury. The court overruled the motion, and rendered judgment for the plaintiff in accordance with said verdict. The only question now presented for our consideration is, whether the drinking of said intoxicating liquor by said juror was sufficient to invalidate the verdict of the jury, and whether the court erred in refusing to set aside said verdict and to grant a new trial for that reason. We must answer this question in the negative. There is nothing to show that the plaintiff below furnished said liquor, nor who furnished it. It may have been furnished by the defendant below. There is nothing to show that the liquor had any influence on the juror's mind, or that it had any influence upon him in any respect, or that it rendered him any the less competent to render a correct verdict. There is nothing to show how long the liquor was drank before the verdict was rendered. The liquor was drank at about eight o'clock in the morning. The verdict may have been rendered at eight o'clock in the evening. The only question then is, whether the mere drinking of intoxicating liquor by a juror, where the liquor does not appear to have had any appreciable influence upon the juror or his conduct, is sufficient to require that the verdict rendered by him and eleven other jurors against whom no objection is made, shall be set aside. We have already decided that the verdict of a jury cannot be set aside in such a case where the liquor was drank before the jury retired to consider of their verdict, (*Perry v. Bailey*, 12 Kas., 539,) and we cannot see that the drinking of the liquor after the jury have retired to consider of their verdict, but while separated, can make any difference.

The judgment of the court below is affirmed.

All the Justices concurring.