No. 45,283

STATE OF KANSAS, *Appellee,* CARL DENNIS RUNNELS, *Appellant.*

(456 P. 2d 16)

Opinion filed June 14, 1969.

*Rex L. Culley,* of Russell, argued the cause and was on the brief for appellant.

*Michael S. Holland,* County Attorney, argued the cause and *Kent Frizzell,* Attorney General, was with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: Carl Dennis Runnels was convicted of the unlawful possession and control of a pistol after conviction of a felony. (K. S. A. 21-2611.) He was sentenced to the Kansas State Penitentiary at Lansing, Kansas, for not more than five years. Two trial errors are specified on appeal. One of these concerns the court's instructions. The second is directed at testimony introduced during the trial.

The circumstances leading to defendant's arrest were related at the trial by Arlen Heffel. A complaint made to the sheriff of Russell

county by a passenger in Mr. Heffel's automobile resulted in defendant's arrest and conviction.

At 8:30 p. m. on May 27, 1967, Mr. Heffel went for a ride in his automobile. His wife and a friend, Jerry Zorn, accompanied him. They left Dorrance and drove to Russell. On the way to Russell the defendant passed them in his car. The defendant turned his car around and followed the Heffel car into Russell.

The Heffels stopped at a tavern, the Office Lounge. The defendant followed them into the tavern but did not speak or associate with them. After drinking a "couple of beers" the Heffels and Mr. Zorn left this tavern and went to a second tavern, the Red Lounge. The defendant followed them into this tavern. He did not talk or associate with them. After drinking a "couple of beers" the Heffels started back to Dorrance. The defendant followed. The Heffels noticed they were being followed, drove into the driveway of a motel and stopped to see what the defendant wanted. The defendant followed them into the driveway but drove on without stopping. He drove east on the highway toward Dorrance and stopped his car on the right side of the road at the highway interchange where Highway I-70 crosses over Highway U. S. 40. The time was about midnight. When Heffel saw the defendant's car parked under the overpass he pulled up to see what the defendant wanted. When the two cars were parallel Mr. Zorn saw a pistol in the defendant's hand and advised Mr. Heffel of this fact. They left immediately and in haste.

The defendant Runnels testified he raced them to Dorrance. He had been drinking whiskey and beer during the evening. He was not acquainted with Mr. Heffel or Mr. Zorn but he wanted to race them in his car. When he stopped his car at the interchange something slid out from under the front seat of his car. He thought it was his bottle of whiskey so he reached down to pick it up and discovered it was a gun. While he had the gun in his hand the Heffel car drove by. He laid it on the seat of his car and then raced the Heffels to Dorrance. He lost the race. At Dorrance he turned his car around and headed back toward Russell. He became sleepy and drove to the side of the road and went to sleep.

In response to the complaint of Mr. Zorn the sheriff of Russell county located the defendant at 1:00 a. m. on the highway leading to Russell. He was sleeping in his car with the gun on the front seat beside him.

The defendant explained the presence of this strange gun in his car. He said he loaned his car to a half-brother that afternoon. This brother owned several guns, and defendant stated the brother must have left this gun under the front seat in defendant's car.

Ownership of the pistol was not established. The brother was not called as a witness. This brother did testify at the preliminary hearing. The defendant testified he did not try to locate him prior to the trial.

Defendant requested instructions on the nature of the possession and control of a pistol proscribed by the statute. He contends the court was required to give an instruction based upon the rule set forth in *State v. Phinis,* 199 Kan. 472, 430 P. 2d 251. In *Phinis* it was said:

"Although the statute in question (K. S. A. 21-2611) does not require intent to do a prohibited act as a prerequisite for its application, (*State v. Wheeler,* 195 Kan. 184, 186, 403 P. 2d 1015), yet the statute contemplates proof of possession and control which is more than an innocent handling of the pistol without intent to have, possess or control the same." (p. 482.)

Defendant states the instructions he requested were taken verbatim from the instructions in the Phinis trial. He contends the court erred in refusing to instruct on his theory of the case, *i. e.* innocent handling of the pistol. His requested instruction read as follows:

"You are instructed, members of the jury, that possession within the statute prohibiting possession of a pistol by one previously convicted of a crime does not turn upon physical handling of the prohibited weapon alone, and if you find and believe from the evidence that defendant's handling of said weapon was an innocent one without the intent to have, possess or control said weapon, that this will constitute an exception to this statute of Kansas, and your verdict should be not guilty."

It should be pointed out, in *Phinis* we were concerned with the sufficiency of the evidence. We did not examine or approve the instructions given by the trial court.

The instruction given by the trial court in the present case covering the elements of the crime charged and the nature of possession and control of a pistol proscribed by the statute, reads as follows:

"Before you can find the defendant, Carl Dennis Runnels, guilty as charged in the information, the state must prove to your satisfaction beyond a reasonable doubt the following essential elements:

"(*a*) That the defendant on or about May 28, 1967, in Russell County, Kansas, did wilfully have or keep a pistol in his possession with the intent to control the use and management thereof, or that the defendant did wilfully

have a pistol in his control with the power and intent to guide or manage such pistol.

"(*b*) That at said time the defendant, Carl Dennis Runnels, had previously been convicted in this state or elsewhere of the crime of burglary.

"If you find from the evidence, beyond a reasonable doubt, each and all of the essential elements charged as set forth in this instruction, then you should find the defendant guilty as charged in the information.

"If you fail to find from the evidence, beyond a reasonable doubt, each and all of the essential elements of the offense charged in the information, as set forth in this instruction, then you must find the defendant not guilty as charged in the information.

In *State v. Ringler,* 194 Kan. 133, 397 P. 2d 390, it was said:

"It is true that one of the court's duties is to instruct the jury on the law applicable to the theories of both parties so far as they are supported by any competent evidence. The instructions given must be germane to the issues raised by the pleadings and must be limited to those issues supported by some evidence. (citing cases)" (p. 135.)

It is the duty of the trial court to instruct the jury on the law applicable to the theory of both the prosecution and the accused so far as they are supported by any competent evidence and are germane to the issues raised on the charge in the information.

K. S. A. 62-1447 provides:

"The judge must charge the jury in writing and the charge shall be filed among the papers of the cause. In charging the jury he must state to them all matters of law which are necessary for their information in giving their verdict. If he presents the facts of the case, he must inform the jury that they are the exclusive judges of all questions of fact."

Defendant's testimony given at the trial was sufficient, if believed, to support a finding he did not wilfully have or keep this pistol in his possession. It might be inferred by the jury his control of the pistol was merely an innocent handling of the same in an effort to learn what object had been placed under the front seat of his car by his half-brother.

In 23A C. J. S., Criminal Law, § 1190 (*c*) it is said:

"It is generally the duty of the court to state correctly in the charge the claims made by both the prosecution and the defense, and the theories which the evidence for each respectively tends to establish. Where the affirmative of a theory is submitted, the court should generally give the converse of the charge." (p. 480.)

In our present case the court set forth in instruction No. 7 the essential elements of the crime which had to be proven. One of the elements was to have or keep a pistol in possession with intent to control the use and management thereof. The state must prove

the defendant did wilfully have the pistol in his possession and in his control. In this same instruction, after setting forth the essential elements, the court gave the converse instruction, *i. e.* if each and all of these essential elements are not found the jury must find the defendant not guilty. Essentially what the defendant is saying is that the court should have used different terminology. The defendant prefers the words "innocent handling" rather than "failure to find wilful possession or control." The use of either phraseology tends to negate the presence of the power and intent to guide or manage the pistol.

In the case of *State v. Jorgenson,* 195 Kan. 683, 408 P. 2d 683, a similar question was presented on instructions. It was pointed out that error cannot be predicated on the refusal to give certain instructions when those given cover and include the substance of those which are refused. The Jorgenson case supports our holding in the present case that an affirmative instruction on accused's theory (innocent handling) is unnecessary.

It is the practice to set forth in an instruction the essential elements necessary to constitute the crime. Then the trial court sets forth in order the two opposing theories which must be resolved by the jury. In our present case this was done. The theory contended for by the state was, "If you find from the evidence, beyond a reasonable doubt, each and all of the essential elements charged as set forth in this instruction, then you should find the defendant guilty as charged in the information." The theory contended for by the defendant was, "If you fail to find from the evidence, beyond a reasonable doubt, each and all of the essential elements of the offense charged in the information, as set forth in this instruction, then you must find the defendant not guilty as charged in the information."

We are of the opinion that the instruction requested by defendant under the authority of *State v. Phinis,* supra, was a correct statement of law except for the statement that the rule constitutes an exception to the statute. (K. S. A. 21-2611.) Omitting this questionable statement the requested instruction might have been given under the evidence introduced by defendant.

However, the jury was adequately advised on the issue of wilfulness. An affirmative instruction on accused's theory using the term "innocent handling" was unnecessary in this case.

Generally the theory of the accused is adequately set forth in the instructions by including a converse charge under which the jury

may find the accused not guilty if any essential element of the crime is not proven, providing such converse charge is preceded in the instruction by a recitation of all essential elements required to be proven, in language the ordinary layman on a jury can understand.

The theory of the defense in this case was adequately set forth in a converse charge under which the jury could have found the defendant not guilty. (*State v. Tatlow,* 34 Kan. 80, 8 Pac. 267; *State v. Jerrel,* 200 Kan. 415, 421, 436 P. 2d 973.) We find no prejudicial error in the instructions.

The second specification of error concerns testimony elicited on cross-examination from the defendant concerning his acquaintance with Mrs. Heffel.

On direct examination defendant testified he knew Mr. Heffel and Mr. Zorn when he saw them on the street. He said he had no conversation with Mr. Heffel, Mrs. Heffel or Mr. Zorn during the evening of May 27, 1967. He said, "I was trying to get them to race, and it started in town, and as soon as we got out of town I passed him and slowed down and passed them again."

Defendant was driving a 1958 Chevrolet automobile.

On cross-examination the defendant testified he did not know Mr. Heffel or Mr. Zorn, but he knew Mrs. Heffel and had "gone with her" in 1964. He first testified he had no correspondence with her after 1964 and was not following the car in order to see Mrs. Heffel. In response to further questioning he changed his previous testimony and testified he had written and received letters from Mrs. Heffel while he was in jail on the present charge. During that period they corresponded on an average of once a week. He said he wanted to see her at that time, but at the time of trial he had no further intention or desire to see her.

It is this testimony defendant claims was inadmissible and constitutes reversible error. We do not agree with his contention.

A verdict should not be set aside or a judgment reversed by reason of the erroneous admission of evidence unless there appears of record an objection to the evidence timely interposed and so stated as to make clear the specific ground of the objection. (K. S. A. 60-404. See also *State v. Eaton,* 199 Kan. 610, 613, 433 P. 2d 347.)

Objections were interposed to two questions during the entire cross-examination of defendant. His cross-examination covered ten pages of the transcript. The first question objected to was, "How well did you know her, Mr. Runnels?" The answer given was,

"Well I had went with her." Objection was made on the ground it was immaterial. The second question objected to was, "And these letters to Mrs. Heffel from you, and from her to you, was there any statements concerning your feelings towards each other?" The answer given by defendant was, "Yes, there was." Objection was made on the grounds of lack of materiality and lack of foundation.

These questions appear to have been asked on cross-examination in an effort to test the credibility of the witness. The witness testified on direct examination his actions, which led to his arrest, were a result of wanting to race his 1958 Chevrolet automobile against the Heffel car.

The error complained of by defendant with regard to the materiality of this evidence when appraised in the light of the entire record does not appear substantial. Assuming these questions were immaterial they concerned a collateral issue, they were asked on cross-examination and the answers elicited did not constitute prejudicial error.

On appeal this court should disregard technical errors or defects which do not affect the substantial rights of the defendant. (K. S. A. 62-1718. See also *State v. Green,* 192 Kan. 451, 454, 388 P. 2d 657.)

The judgment of the trial court is affirmed.