No. 46,615

THE STATE OF KANSAS, *Appellee*, v. JOHN L. KNOWLES, *Appellant.*
(498 P. 2d 40)

Opinion filed June 10, 1972.

*Oneil Davis,* of Wichita, argued the cause and was on the brief for the appellant.

*Reese C. Jones,* deputy county attorney, argued the cause, and *Vern Miller,* attorney general, *Keith Sanborn,* county attorney, and *Roger C. Skinner,* deputy county attorney, were on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: On October 17, 1970, the appellant and a companion entered David's, Inc., retail store in Wichita. They went to the gun counter where they were waited on by a clerk named Andrew Corbin. Corbin displayed 30 or 40 hand guns to the two shoppers and, after fifteen or twenty minutes, left three or four guns on the counter for their inspection while he went to help at the cash register. While Corbin was at the cash register, appellant picked up a pistol, showed his companion that he had it and placed it

beneath his coat. Between five and fifteen minutes later he took the gun from beneath his coat and placed it in his coat pocket.

Unknown to appellant, he was being watched during this entire time by Doyle Moore, another sales clerk. Upon seeing appellant place the pistol in his pocket, Moore stepped around the counter and asked the appellant to come to the office with him.

Appellant asked what for, and Moore replied, "For this," tapping the pocket containing the gun. Appellant thereupon handed Moore the gun and the two headed for the office. En route the appellant started to run toward the exit, but stopped when he was told a security guard was on duty there. The two then proceeded to the office and the police were called. While waiting, in reply to a question concerning what he was going to do with the gun, appellant said that he was going to sell it.

As a result of this escapade appellant was charged with the attempted felonious theft of the gun, which had a value of more than fifty dollars. In addition, when it was learned that he had been paroled from the reformatory just a year before, he was charged in a second count with the unlawful possession of a firearm under what is now K. S. A. 1971 Supp. 21-4204 (*b*). He was convicted by a jury of both counts, and he appeals.

Appellant argues three of his four points-relied-on together, each based on his claim that the state's evidence failed to show the requisite intent. His argument is based on the fact that, until accosted by Moore, he had made no move to leave the gun department. His actions were all, according to him, entirely consistent with an "innocent handling," and did not demonstrate the intent to "have, possess and control" the gun required by *State v. Phinis*, 199 Kan. 472, 430 P. 2d 251 and *State v. Runnels*, 203 Kan. 513, 456 P. 2d 16.

His argument goes to both crimes of which he was convicted. The concept that "possession" constitutes more than an "innocent handling" was first enunciated in *Phinis* and elaborated upon in *Runnels*, both involving the predecessor of our present statute prohibiting the possession of a pistol by certain felons. That concept is clearly applicable to the firearm count in this case. (The differences between former 21-2611 and the present 21-4204 (*b*) are immaterial for present purposes. Each requires "possession" of the forbidden weapon, with the present statute requiring the prior felony conviction, or release from imprisonment therefor, to

have occurred within the five years immediately preceding the violation.)

The pertinent portion of the theft statute, 21-3701 (a), defines the offense as "obtaining or exerting unauthorized control over property" when done with intent to deprive the owner permanently of the possession, use or benefit of his property. The "control" contemplated by this statute likewise is more than innocent handling, embodying the concept of "dominion." Cf. *State v. Brown,* 203 Kan. 884, 457 P. 2d 130, where that term was used together with "control" to explain what constitutes "possession" of recently stolen property. And see, *State v. Porter,* 201 Kan. 778, 443 P. 2d 360, cert. den. 393 U. S. 1108, 21 L. Ed. 2d 805, 89 S. Ct. 919.

While "control" may conceivably be exercised in a manner not amounting to "possession," generally speaking each term connotes something of the other when they are used in the context of criminal law, and each connotes the exercise of some degree of "dominion" over the property in question.

The trouble with appellant's argument is that there was ample evidence from which the jury might readily infer that his "possession" of the pistol and his "control" over it were of exactly the nature contemplated by the respective statutes. He first concealed the weapon and demonstrated this fact to his companion; he then put it in his pocket. Under the circumstances this alone would have supported a finding that he "possessed" the pistol and exerted "unauthorized control" over it. There was direct testimony, if needed, that such conduct was not customary among bona fide shoppers and was "unauthorized" in this case. In addition there was his attempted flight—always evidence of guilty knowledge—and the admission that he intended to sell the gun. This combination—concealment, flight and admission—is a powerful indication that appellant's "handling" of the pistol was not "innocent."

Indeed, it would appear that his control over the pistol was such that he could well have been convicted of the completed crime of theft, and not merely the attempt charged. "Theft" under the present statute, unlike "larceny" under the old, requires no asportation to complete the crime. All that is required is the (here unauthorized) control, coupled with the intent to deprive the owner permanently of his possession, etc. There was ample evidence of each of these elements.

In his brief appellant urges that the court's instruction on pos-

session was inadequate under the authorities cited. The record reflects no request for an instruction or any objection to the one given, thus indicating a waiver under K. S. A. 60-251 (*b*). Additionally, this was not one of the points designated on appeal, precluding review of the question under Rule No. 6 (*d*). We nevertheless would observe that, while a more elaborate instruction might have been appropriate, we are unable to say the one given is fatally defective, particularly in view of the evidence. Cf., *State v. Brown*, supra.

Of more concern is appellant's complaint that evidence of his prior conviction for burglary and larceny was admitted, and no instruction was given limiting the purposes for which it might be considered by the jury. He relies on cases such as *State v. Roth*, 200 Kan. 677, 438 P. 2d 58, and *State v. Jenkins*, 203 Kan. 354, 454 P. 2d 496, for the proposition that failure to give such a limiting instruction is reversible error even in the absence of a request.

Those cases, and others, do so hold, and they are sound. They all deal, however, with evidence of prior crimes admitted solely under K. S. A. 60-455 because it was relevant to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Those cases recognize that a jury may well believe that proof of a prior delinquency shows the accused's disposition to commit crime, from which they may infer that he committed the crime charged. This is precisely the kind of mental meandering the statute is designed to prevent; the limiting instruction is the judicial tool fashioned to carry out that design—at least insofar as possible.

This case, however, presents a qualitative difference. Evidence of appellant's prior felony conviction was not merely "relevant" to a material fact, it was an essential element of the firearms charge. (*State v. Duke*, 205 Kan. 37, 468 P. 2d 132; *State v. Anderson*, 202 Kan. 52, 446 P. 2d 844.) Its admissibility was unarguable, and in fact appellant's counsel stipulated to its admission. At this point it appears to the majority of the court that its future fate was dependent on K. S. A. 60-406:

"When relevant evidence is admissible as to one party or for one purpose and is inadmissible as to other parties or for another purpose, the judge *upon request* shall restrict the evidence to its proper scope and instruct the jury accordingly." (Emphasis added.)

No request was made. Had it been, it would not have been appropriate to give the limiting instruction first approved in *State v. Wright*, 194 Kan. 271, 398 P. 2d 339 and again in substance in *State v. Anderson*, supra, and *State v. Fabian*, 204 Kan. 237, 461 P. 2d 799. The prior conviction here was *not* to be considered "only for its value, if any" as to those elements listed in 60-455; it was evidence of a fact which had to be proven and found before the jury could convict on the firearms charge. Had a request been made, the trial court could and no doubt would have given an instruction either to the effect that the jury should not consider the conviction in connection with the theft charge, or that such consideration should be limited *as to that charge* to the purposes embraced by 60-455. The majority is unable to see, however, that the giving of such an instruction would have been of sufficient benefit to the appellant, where the jury was considering the double-barreled charge here involved, that its absence was prejudicial. In the absence of a request we hold that failure to give such an instruction was not reversible error.

Finally, we note that appellant, *pro se*, has suggested that the two counts of which he was convicted are duplicitous and subjected him to double jeopardy. The point is not good. Although arising out of the same transaction, different elements are required to prove each offense, *i. e.*, that the control was unauthorized and exerted with an intent adverse to the owner for the theft charge, and the prior conviction for the firearms charge. Only the "control" or "possession" is common to the two charges. See *Coverly v. State*, 208 Kan. 670, 493 P. 2d 261; cf., *State v. Gauger*, 200 Kan. 515, 438 P. 2d 455.

The judgment is affirmed.

APPROVED BY THE COURT.

FATZER, C. J., and FONTRON and PRAGER, JJ., dissent from paragraph 3 of the syllabus and the corresponding portion of the opinion.