No. 47,386

STATE OF KANSAS, *Appellee,* v. JOHN M. NEAL, JR., *Appellant.*

(529 P. 2d 114)

Opinion filed December 7, 1974.

*Gerald Sawatzky,* of Wichita, argued the cause and was on the brief for the appellant.

*Stephen M. Joseph,* assistant district attorney, argued the cause, and *Vern Miller,* attorney general, *Keith Sanborn,* district attorney, *Clifford L. Bertholf,* assistant district attorney, and *Russell W. Davisson,* legal intern, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, John M. Neal, Jr., was charged with and convicted of possessing a .32 caliber pistol after having been convicted of a felony within the past five (5) years.

K. S. A. 1973 Supp. 21-4204 (1) (*b*), under which the charge was brought, provides as follows:

"(1) Unlawful possession of a firearm is:

"(*b*) Possession of a firearm with a barrel less than twelve (12) inches long by a person who, within five (5) years preceding such violation has been convicted of a felony under the laws of Kansas or any other jurisdiction or has been released from imprisonment for a felony."

Briefly stated, the facts are these: On February 16, 1971, the defendant pleaded guilty to three counts of felony theft, which he stated without contradiction were for possessing stolen property. He was granted probation, from which he was discharged October 20, 1972. On December 16, 1972, he purchased the pistol from a pawn shop. The following February he pawned the gun at the same pawn shop prior to going on a trip to Arkansas. A Wichita officer

in checking over pawn shop records in April ran across a record of the sale to the defendant and this prosecution followed.

The errors assigned by the defendant are mainly in the area of instructions. For them to be understood, reference must be made to the testimony of Mr. Neal and his friend, Sharon Meeker. Their testimony was to this effect: In December, 1972, Neal was living in a house with two bedrooms and full basement; that Sharon Meeker, a school teacher, was living in the house with her two children and was sharing expenses; that due to a series of crimes occurring in the neighborhood—one being a burglary of their house while they were there—it was decided Sharon needed protection while Neal was working nights; that Neal and Sharon drove to the pawn shop where he went in and bought the gun while Sharon stayed in the car; on returning to the house the gun was placed in Sharon's bedroom closet where she had access to it at all times; that it remained untouched by defendant until he cleaned and took it to the pawn shop with Sharon where it was pawned. From there, Sharon took Mr. Neal to the airport, where he emplaned for Van Buren, Arkansas, where he signed a recording contract with the B. J. Recording Studios.

At the close of the evidence the defendant requested the court to give certain PIK instructions plus the following instruction on possession:

"'Possession' means to have actual control, care and management of, and not a passing control, fleeting and shadowy in its nature."

The request for the instruction defining possession was rejected and this forms the basis of defendant's principal claim of error.

The principal points of error assigned by defendant on appeal centers around the court's refusal to define "possession." He contends that the court, in refusing to instruct on the meaning of possession, failed to present the theory of his defense and that his right to a fair trial was thus prejudiced, particularly in view of the nature of the closing argument made by the state.

The defendant cites two recent cases, *State v. Phinis*, 199 Kan. 472, 430 P. 2d 251 and *State v. Runnels*, 203 Kan. 513, 456 P. 2d 16, which deal with K. S. A. 21-2611, predecessor of 21-4204 (1) (b), our present statute. We consider those cases in point because, as was said in *State v. Knowles*, 209 Kan. 676, 677, 498 P. 2d 40, the differences between the two statutes are immaterial for present purposes. The charge in *State v. Phinis*, supra, grew out of an inci-

dent in which the defendant took a .38 caliber revolver from a bedside table in her sleeping quarters and fired into the floor to frighten an obstreperous acquaintance who had crashed a birthday party for the 75-year-old guest of honor. The defendant was convicted and she contended on appeal that the evidence did not support a verdict of guilty on the issue of possession and control.

In *Phinis*, the jury was instructed that possession and control as used in the statute did not turn upon the handling of the weapon alone, and if the handling was an innocent one without the intent to have, possess or control the weapon, the act was not prohibited by the statute. In sustaining the conviction, Mr. Justice Fromme, speaking for the court, said:

"Although the statute in question (K. S. A. 21-2611) does not require intent to do a prohibited act as a prerequisite for its application (*State v. Wheeler*, 195 Kan. 184, 186, 403 P. 2d 1015), yet the statute contemplates proof of possession and control which is more than an innocent handling of the pistol without intent to have, possess or control the same." (p. 482.)

It is to be noted the decision in *Phinis* turned on the sufficiency of the evidence, not the adequacy of the instructions.

In the second case, *State v. Runnels*, supra, the issue concerned the court's instructions to the jury, which in part were as follows:

" 'Before you can find the defendant, Carl Dennis Runnels, guilty as charged in the information, the state must prove to your satisfaction beyond a reasonable doubt the following essential elements:

" '(a) That the defendant on or about May 28, 1967, in Russell County, Kansas, did willfully have or keep a pistol in his possession *with the intent to control the use and management thereof*, or that the defendant did wilfully have a pistol in his control *with the power and intent to guide or manage such pistol.*

"(b) That at said time the defendant, Carl Dennis Runnels, had previously been convicted in this state or elsewhere of the crime of burglary.

" 'If you find from the evidence, beyond a reasonable doubt, each and all of the essential elements charged as set forth in this instruction, then you should find the defendant guilty as charged in the information.

" 'If you fail to find from the evidence, beyond a reasonable doubt, each and all of the essential elements of the offense charged in the information, as set forth in this instruction, then you must find the defendant not guilty as charged in the information." (pp. 515, 516.) (Emphasis supplied.)

We approved the quoted instruction, and rightly so, we believe. The defendant argued, however, that the instruction should be couched in the terms of "innocent handling" as was done in the *Phinis* case. We said not, even though the defendant may have preferred those words. We said that the court had instructed on the

essential elements which had to be proved and that one of the elements was to have or keep a pistol in possession with intent to control the use and management thereof. The language of this instruction tended to negate, we said, the presence of the power and the intent to guide or manage the pistol. It was a choice between equivalent terminology, we implied.

When taken together, *Phinis* and *Runnels* fashion the rule that the possession proscribed by the statute is not the innocent handling of the weapon but a willful or knowing possession with the intent to control the use and management thereof. This definition accords with that contained in PIK Criminal, chapter 53.00, Definitions and Explanations of Terms, p. 69:

> "*Possession:* Having control over a place or thing with knowledge of and the intent to have such control. *State v. Metz,* 107 Kan. 593, 193 P. 177 (1920); *City of Hutchinson v. Weems,* 173 Kan. 452, 249 P. 2d 633 (1952). . . ."

The *Metz* and *Weems* opinions reflect the bone-dry days in Kansas history but the legal principles enunciated are no less valid today.

Although the court did instruct the jury in this case that to establish the charge it had to be proved "that the defendant knowingly had possession of a firearm . . .", it did not instruct as to the intent with which it must be possessed, *i. e.,* to control its use and management. In this respect the instruction appears deficient.

The instruction requested by the defendant is not a duplicate of that given either in *Phinis* or in *Runnels* but it is roughly equivalent and we believe that it, or one of like import, should have been given the jury. A defendant is entitled to have his theory of the case presented at his trial. (*State v. Barnes,* 164 Kan. 424, 190 P. 2d 193; *State v. Hamrick,* 206 Kan. 543, 479 P. 2d 854.)

It is apparent the jury was concerned about the matter of intent because after it retired the foreman brought the following question back to the court:

> " 'What does the role of intent on the part of the defendant have to do with the transgression. As I understand it to break the law two elements are necessary:
>
> "I. Intent.
> "II. The commission of the crime.
>
> /s/ David M. Garrison' "

In response the court submitted instruction 5a. It reads:

> "The law in question does not require intent to do the prohibited act. It contemplates proof of possession and control which is more than an innocent handling of the pistol without intent to have, possess or control the same."

The state contends that whatever error may have been committed, and it agreed on oral argument an instruction on intent should have been given, was cured by instruction 5a. The defendant replies: one, 5a was confusing and misleading with respect to intent, and two, the jury should be instructed before, not after closing arguments are made. The defendant maintains that the court's failure to give the substance of 5a prior to oral summations precluded him from making an effective argument in support of his theory of the case.

In the context in which 5a was given and in view of its unfortunate timing, we believe the instruction would tend to be somewhat confusing to the jury, if not misleading. Moreover, defense counsel was deprived of a fair opportunity to discuss his client's theory of the case as measured by the applicable rule of law. We deem the lack of opportunity to be of particular importance in view of the demonstrative nature of the argument made by the state in its final summation. We are constrained to hold the court's initial error was not cured in view of the distinctive circumstances present in this case.

A further allegation of error concerns the court's failure to instruct on circumstantial evidence (PIK Criminal 52.16), as requested by defendant. We find it unnecessary to rule on this point but call attention to our recent opinion in State v. Wilkins, 215 Kan. 145, 523 P. 2d 728, where the subject is discussed.

As to the constitutional point raised with respect to K. S. A. 1973 Supp. 21-4204, the defendant says in his brief: "We do not perceive that the constitutional issues herein need be reached." We are content to leave it that way.

The judgment of the court below is reversed with directions to grant the defendant a new trial in accordance with the views herein expressed.