(586 P.2d 62)

No. 49,629

STATE OF KANSAS, *Appellee,* v. ALFRED SALTER, *Appellant.*

Opinion filed November 3, 1978.

*Richard G. Tucker,* of Parsons, for the appellant.

*Charles S. Gray,* county attorney, and *Curt T. Schneider,* attorney general, for the appellee.

Before FOTH, C.J., SPENCER and MEYER, JJ.

SPENCER, J.: Defendant was convicted of the unlawful possession of a firearm in violation of K.S.A. 21-4204(1)(*b*), which provides:

"(1) Unlawful possession of a firearm is:

"(*b*) Possession of a firearm with a barrel less than twelve (12) inches long by a person who, within five (5) years preceding such violation has been convicted of a felony under the laws of Kansas or any other jurisdiction or has been released from imprisonment for a felony."

The possession requirement of this state has been discussed in *State v. Phinis,* 199 Kan. 472, 430 P.2d 251 (1967); *State v. Runnels,* 203 Kan. 513, 456 P.2d 16 (1969); *State v. Knowles,* 209 Kan. 676, 498 P.2d 40 (1972); *State v. Neal,* 215 Kan. 737, 529 P.2d 114 (1974); and *State v. Ames,* 222 Kan. 88, 563 P.2d 1034 (1977). In *State v. Neal,* it is stated:

"When taken together, *Phinis* and *Runnels* fashion the rule that the possession proscribed by the statute is not the innocent handling of the weapon but a willful or knowing possession with the intent to control the use and management thereof." 215 Kan. at 740.

It is contended that certain comments made by the prosecuting attorney and by the trial judge were such as to require the granting of a new trial, and that the verdict of the jury was contrary to the evidence.

Defendant had stipulated that he had been convicted of a felony within the preceding five years. It was also an admitted fact that he had the weapon on his person within the home of his friend, Ida Myers; but it was claimed that the gun belonged to her and his was a mere innocent handling of it occasioned by her request that he make an appraisal of the gun before she offered it for sale. There was substantial evidence to the contrary, but the defendant's testimony corroborated by the testimony of Ida Myers, if believed, was sufficient to support a finding that defendant did not willfully have the weapon in his possession with the requisite intent and power to control the use and management thereof.

During cross-examination of Ida Myers, the county attorney pursued a line of questioning to determine the name of the man she testified had given her the gun. It appears that Ida Myers had refused to identify that man at the preliminary hearing, although she did so at trial. When reminded of her testimony at the preliminary hearing, the following took place:

"Q. We asked you about that on the stand, though, in the preliminary; didn't we?

"A. I know. But I didn't know he had gotten a divorce. Remember, I told you he was married? I did say that. And I don't like to get men in trouble.

"Q. But you couldn't remember his name?

"A. Well, it was like this here, if I told you, you might have went up there; and if his wife had been at home, you might have got him in trouble. You see what I'm saying?"

The county attorney pursued identification of the man Ida Myers testified had given her the gun. An objection was made, after which the following occurred:

"MR. DALEY: Your Honor, we're trying to identify a man and trying to get enough details. If he can be presented at this trial here either today or tomorrow, we would like to present him to find out if in fact he ever gave this lady a gun. She's lied to us, evidently, once before.

"A. I didn't lie, Your Honor.

"THE COURT: The objection will be overruled. Now, you may—

"MR. TUCKER: Well, I have another one. He stands there, and he says, 'She's lied to us once before,' which is prejudicial to the jury and to my client. She has told no lies.

"MR. DALEY: She already said she did.

"MR. TUCKER: I will challenge the record on it.

"THE COURT: Well, gentlemen, I think we've all heard her testimony. We've heard what has been said here. I would suggest to the County Attorney that it might be best to refrain from—

"MR. DALEY: I apologize to the Court and to the jury.

"THE COURT: —from saying this, although it is a fair conclusion that the jury might draw and that the Court might draw from her testimony. So, if you will, simply proceed."

Defendant argues that the testimony of Ida Myers was essential to corroborate his testimony, and by failing to admonish the jury to disregard the statements of the prosecutor, and by adding his own comment that "it is a fair conclusion that the jury might draw and that the Court might draw from her testimony," the trial judge made it clear to the jury that he did not believe the testimony of this witness. Defendant asserts prejudicial error on the part of court and counsel sufficient to justify the granting of a new trial. We are compelled to agree.

Misconduct of the prosecutor as alleged here usually comes up in the context of closing argument to the jury rather than in response to an objection directed to the court within the hearing of the jury. Nevertheless, the controlling principles are the same. The duty of a prosecutor was noted in *State v. Gauger,* 200 Kan. 515, 520-521, 438 P.2d 455 (1968):

"It is the duty of a county attorney in a criminal prosecution to see that the state's case is properly presented with earnestness and vigor, and to use every legitimate means to bring about a just conviction; but he should always keep in mind that he is an officer of the court. While he may indulge in oratory or may use picturesque language, as long as he introduces no facts not disclosed by the evidence, his liberty of argument must not degenerate into license to the extent the defendant's right to a fair trial is prejudiced. The primary purpose of argument by counsel is to enlighten the jury so that it may render a correct verdict. Although counsel is allowed considerable latitude in discussing the evidence and drawing reasonable inferences therefrom, he may not introduce or comment on facts clearly outside the evidence. (*State v. Majors,* 182 Kan. 644, 323 P.2d 917; *State v. Lopez,* 182 Kan. 46, 318 P.2d 662; 53 Am. Jur., Trial § 463; 88 C.J.S., Trial § 169.) Counsel may comment on the credibility of a witness where his remarks are based on facts appearing in the evidence . . . ."

We make note at this point that the statement of the prosecutor may well have amounted to unprofessional conduct in that it was an assertion of his personal opinion as to the credibility of the witness and a violation of Rule No. 501, Code of Professional Responsibility, DR 7-106(C)(4) (220 Kan. cxxii). Such a conten-

tion, however, was met by our Supreme Court in *State v. McClain,* 216 Kan. 602, 533 P.2d 1277 (1975), with the ruling that such a challenge should be determined upon prejudicial effect rather than professional propriety.

Although the record of the testimony at preliminary hearing was not in evidence, the testimony of Ida Myers, though not directly admitting of a lie, is replete with admissions that she had been less than truthful at the preliminary. As such, the comment by the county attorney may be considered to have been based on facts in evidence. In 75 Am. Jur. 2d, Trial § 305, p. 378, it is stated:

"[T]he mere characterization or denunciation of a witness as a perjurer, or of his testimony as perjured, in an argument to a jury, which amounted at most to an expression of counsel's conclusion as to its reliability, has been held, where supported by or inferable from the evidence, not to constitute reversible error, particularly if the jury are adequately instructed with respect to their proper functions as triers of facts or as to what they are to consider as evidence."

The comment by the trial judge becomes understandable in light of the test for determining the propriety of the prosecutor's statement. His statement was to the effect that the statement made was one which reasonably could be inferred from the testimony, and, thus, was the explanation for his ruling on the objection. However, inquiry cannot stop here for it has been stated:

"[A] judge should exercise great care and caution to say nothing within the hearing of the jury which would give them an indication of what he thought about the truth or falsity of any part of the testimony." *State v. Boyd,* 222 Kan. 155, 159, 563 P.2d 446 (1977).

In *State v. Blake,* 209 Kan. 196, 204, 495 P.2d 905 (1972), the court quoted from *State v. Bean,* 179 Kan. 373, Syl. 2, 295 P.2d 600 (1956):

" '[T]he trial judge . . . is bound to exercise extreme care to prevent giving to the jury the impression that he is biased against the defendant or that he does not consider the witness or the defendant worthy of belief, and he should not, by the form, manner or extent of his questioning and remarks, indicate to the jury his opinion as to the defendant's guilt.' "

and added:

"These admonitions are prompted by the truism that a jury has a natural tendency to look to the trial judge for guidance, and may find it even where it is

not intended. The judge's attitude and the result he supposedly desires may be inferred by the jury from a look, a lifted eyebrow, an inflection of the voice—in many cases without warrant in fact." 209 Kan. at 205.

The prejudicial effect of the comment made by the trial judge is apparent, for the jury could then only assume that the trial judge agreed with the prosecutor that the witness was not to be believed.

Having so determined, it is neither necessary nor proper at this time to consider the second point on appeal.

Reversed and remanded with directions to grant the defendant a new trial.