**The STATE of Utah, Plaintiff and Respondent,**

v.

**Larry DeWayne DAVIS, Defendant and Appellant.**

**No. 19753.**

Supreme Court of Utah.

Aug. 7, 1985.

James A. Valdez, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM.

Defendant Larry DeWayne Davis appeals his conviction of possession of a firearm (*i.e.*, a .22 caliber pistol), under U.C.A., 1953, § 76–10–503(2), as amended. On parole from a prior conviction of burglary, defendant is prohibited from the possession, custody, or control of dangerous weapons, including firearms, as defined by that statute.

In August 1983, two undercover police detectives were in defendant's home, visiting with him and his friend, Brown, when defendant brought out a .22 caliber pistol and displayed it to the officers. He allowed the officers to handle the weapon, then took it back and kept it. The gun was left in the home when the parties departed and was later found on the fireplace mantel when the officers returned with a warrant and arrested defendant.

At defendant's trial, the court included an instruction to the jury that "possession, custody or control" of a firearm was more than the innocent handling of the weapon, but required a willing and knowing possession with the intent to control its use or management. This instruction given is, in substance, the same instruction approved by the Kansas Supreme Court in *State v. Hoskins*, 222 Kan. 436, 565 P.2d 608, 612 (1977), the case upon which defendant relies. *See also State v. Phinis*, 199 Kan. 472, 430 P.2d 251 (1969); *State v. Runnels*, 203 Kan. 513, 456 P.2d 16 (1969); *State v. Neal*, 215 Kan. 737, 529 P.2d 114, 116 (1974).

We see no error in the jury instruction given explaining the intent and conduct necessary to sustain a finding of possession by defendant, *i.e.*, to control the use or management of the weapon. It does not create confusion or misunderstanding as to the statutory elements or *mens rea* of the crime. The instruction allowed defendant to argue his theory of the case that his was only an "innocent handling of the weapon" when he handed the gun to the officer. Defendant's requested additional paragraph to the instruction was an unnecessary embellishment of an otherwise ade-

quate statement. It was not error for the trial court to decline its inclusion in the instructions.

Defendant asserts as error the trial court's failure to properly instruct the jury that an unloaded gun is not a "dangerous weapon." Our review of the record below indicates that defendant failed to raise this objection at trial. He does not now direct our attention to any proposed instruction which he claims the court refused to give. However, he concedes that the trial court properly instructed the jury that a "dangerous weapon" is one capable of causing death or serious bodily injury. U.C.A., 1953, § 76–10–501(1), as amended.

The argument that a gun is only a dangerous weapon when it is loaded and ready to be fired was rejected by this Court in *State v. Nielsen*, Utah, 544 P.2d 489 (1975), *cert. denied*, 425 U.S. 906, 96 S.Ct. 1500, 47 L.Ed.2d 757 (1976), where we said that "the statute's purpose was to deter those convicted of violent crimes from thereafter having guns, *loaded or unloaded.*" 544 P.2d at 490 (emphasis added).[1] Defendant erroneously equates a "dangerous weapon" with a "deadly weapon" under U.C.A., 1953, § 76–5–103, as amended. *State v. Verdin*, Utah, 595 P.2d 862 (1979). There can be no question that defendant's handgun is a "dangerous weapon."

We need not determine whether an antique gun, or one impossible to discharge or use as a weapon, is a "firearm" or "dangerous weapon" under the statute because such facts are not before us. There is substantial evidence that defendant's gun, although unloaded and accompanied by a faulty ammunition clip, could be loaded and fired. Accordingly, it met the statutory definitions of both "dangerous weapon" and "firearm." U.C.A., 1953, § 76–10–501(1), (2), as amended.

Finally, defendant assails the sufficiency of the evidence. Our standard for reviewing the sufficiency of the evidence is properly set forth in *State v. Petree*, Utah, 659 P.2d 443 (1983), and the several cases cited therein. We have reviewed the evidence in the light most favorable to the verdict. The evidence of this case sufficiently supports the jury's verdict and is neither insubstantial nor inconclusive. Defendant's argument is based only on his interpretation of the evidence, which is not the only reasonable interpretation. A contradictory version of the facts, without more, is not a ground for reversal. *State v. Buel*, Utah, 700 P.2d 701 (1985). The trier of fact is not obliged to believe the claims of defendant's witnesses. The jury was entitled to believe the testimony of the police officers and entirely disregard the claim of defendant's companion, Brown, that he was the owner of the gun. Brown's claim of ownership does not conclusively determine possession and control of the handgun. We assume that the jury chose to believe the evidence that supports the verdict. *State v. Carlson*, Utah, 635 P.2d 72 (1981).

As to defendant's intent or state of mind, intent need not be proved by direct evidence, but may be inferred from defendant's conduct and surrounding circumstances. *State v. Cooley*, Utah, 603 P.2d 800, 802 (1979); *State v. Kennedy*, Utah, 616 P.2d 594 (1980); U.C.A., 1953, § 76–2–103, as amended. Based upon the testimony of the undercover officers as to defendant's conduct, the jury could reasonably infer that he intentionally and knowingly exercised control over and use of the .22 caliber handgun.

We affirm defendant's conviction.

---

1. The fact that the penalties for carrying a concealed weapon, U.C.A., 1953, § 76–10–504 (Supp.1983), may distinguish between loaded and unloaded weapons does not ameliorate our decision in *State v. Nielsen*. Section 76–10–504 expressly excludes from its application those persons restricted from possession of firearms under section 76–10–503.