238 P.3d 59 (2010)
2010 UT App 155
STATE of Utah, in the interest of K.O., a person under eighteen years of age.
K.O., Appellant,
v.
State of Utah, Appellee.
No. 20081034-CA.
Court of Appeals of Utah.
June 17, 2010.
*60 J. Bryan Jackson, Cedar City, for Appellant.
Mark L. Shurtleff and Brett J. Delporto, Salt Lake City, for Appellee.
Before Judges DAVIS, McHUGH, and ROTH.

OPINION
McHUGH, Associate Presiding Judge:
¶ 1 K.O., a minor at the time of the offense, appeals his conviction for burglary of a vehicle, which is a class A misdemeanor if committed as an adult, see Utah Code Ann. § 76-6-204 (2008). He raises three issues on appeal. First, K.O. asserts that there was insufficient evidence for the juvenile court to find that the elements of burglary of a vehicle were proven beyond a reasonable doubt or that K.O. was the individual who committed the crime. Second, K.O. claims that the juvenile court erred in failing to conduct a reliability hearing before admitting eyewitness testimony at trial. Third, K.O. contends that the juvenile court erred by overruling his hearsay objection to the arresting officer's testimony regarding the eyewitness's identification of K.O. We affirm.

BACKGROUND
¶ 2 On April 29, 2008, at three o'clock a.m., an individual climbed into an unlocked pickup truck parked in a residential driveway. A neighbor was standing in his driveway when he heard footsteps and saw the individual enter the pickup truck. The individual, who was wearing a dark shirt with long white sleeves, appeared to be looking through the pickup truck's glove compartment.[1] Surprised, the neighbor yelled, "Hey, you, what are you doing?" The individual got out of the pickup truck, slammed the door, and "took off running" down the street. The neighbor initially returned to his house but then decided to drive through the area looking for the individual.
¶ 3 About twenty minutes after first seeing the individual in the pickup truck, the neighbor came upon K.O., who was wearing a dark shirt with long white sleeves. The neighbor began to follow K.O. and called the police. K.O. started cutting between houses and then ran from the neighbor, entering a carport and residential backyard in an apparent attempt to evade the neighbor. K.O. entered a "passthrough" sidewalk between the houses and ran into police officers at the other end. He was arrested, and the neighbor identified him as the same individual who had entered the pickup truck. The only other person the neighbor saw during his drive was a runner whose jogging suit did not match what the individual who entered the pickup truck was wearing.
¶ 4 K.O. was charged with burglary of a vehicle, and his case was tried in juvenile court. At trial, the juvenile court, acting as the factfinder, heard testimony from the neighbor, the owner of the pickup truck, and the arresting officer. The officer testified that at the time of the arrest, the neighbor had identified K.O. as the same individual who entered the pickup truck. K.O. objected that the testimony was hearsay, but his objection was overruled. The juvenile court found K.O. guilty and sentenced him to thirty days in jail and a $325.00 fine.

ISSUES AND STANDARDS OF REVIEW
¶ 5 First, K.O. claims that the evidence was insufficient for the juvenile court to find that he was the individual the neighbor saw enter the pickup truck or that his entry was unlawful.
When reviewing a bench trial for sufficiency of evidence, we must sustain the trial court's judgment unless it is against the clear weight of the evidence, or if the appellate court otherwise reaches a definite *61 and firm conviction that a mistake has been made. However, before we can uphold a conviction it must be supported by a quantum of evidence concerning each element of the crime as charged from which the [factfinder] may base its conclusion of guilt beyond a reasonable doubt.
State v. Larsen, 2000 UT App 106, ¶ 10, 999 P.2d 1252 (alteration in original) (citation and internal quotation marks omitted). "Additionally, in those instances in which the trial court's findings include inferences drawn from the evidence, we will not take issue with those inferences unless the logic upon which their extrapolation from the evidence is based is so flawed as to render the inference clearly erroneous." State v. Briggs, 2008 UT 75, ¶ 11, 197 P.3d 628 (internal quotation marks omitted).
¶ 6 Second, K.O. argues that the juvenile court should have held a reliability hearing before admitting the neighbor's testimony. "Whether a trial court is required to make findings of fact and legally determine the reliability of an eyewitness identification before admitting such testimony is a question of law, which we review for correctness." State v. Nelson, 950 P.2d 940, 942-43 (Utah Ct.App.1997). However, appellate courts generally do not consider claims raised for the first time on appeal absent plain error or exceptional circumstances. See State v. Dean, 2004 UT 63, ¶ 13, 95 P.3d 276.
¶ 7 Third, K.O. argues that the juvenile court should not have overruled his hearsay objection to the arresting officer's testimony. "The determination of whether evidence constitutes hearsay is a question of law that we review for correctness." Prosper, Inc. v. Department of Workforce Servs., 2007 UT App 281, ¶ 8, 168 P.3d 344.

ANALYSIS

I. The Evidence Is Sufficient to Sustain K.O.'s Conviction.
¶ 8 Utah Code section 76-6-204 provides, "Any person who unlawfully enters any vehicle with intent to commit a felony or theft is guilty of a burglary of a vehicle." Utah Code Ann. § 76-6-204 (2008). Section 76-6-201(3) further provides,
"Enter or remain unlawfully" means a person enters or remains in or on any premises when:
(a) at the time of the entry or remaining, the premises or any portion of the premises are not open to the public; and
(b) the actor is not otherwise licensed or privileged to enter or remain on the premises or any portion of the premises.
Id. § 76-6-201(3).
¶ 9 K.O. contends that the evidence was insufficient to prove that he entered the pickup truck or that the entry was unlawful. In doing so, he relies on In re M.B., 2008 UT App 433, 198 P.3d 1007, in which this court held that a defendant could not be convicted as an accomplice to burglary of a vehicle "based on his mere passive presence in the passenger seat of the getaway car," id. ¶ 27. K.O. asserts that his "mere presence" in the neighborhood at the time of the incident was insufficient to prove that he entered the pickup truck or to demonstrate that his entry was unlawful. K.O.'s reliance on In re M.B. is misplaced. The juvenile in that case was convicted based on accomplice liability due solely to his presence in a getaway vehicle used in the commission of the crime charged. See id. ¶¶ 8, 12. "However, [w]hile mere presence at the scene of a crime affords no basis for a conviction, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." Id. ¶ 8 (alteration in original) (internal quotation marks omitted).
¶ 10 Here, K.O. was convicted of burglary of a vehicle based on his active conduct of unlawfully entering the pickup truck. Furthermore, evidence beyond K.O.'s "mere presence" in the neighborhood identifies K.O. as the perpetrator: K.O.'s clothing matched that of the burglar, few other people were out in the neighborhood at that time of the morning, K.O.'s location when the neighbor found him was consistent with where the burglar might be given the time that had elapsed, and K.O. ran away when the neighbor began following him. Evidence beyond "mere presence" likewise supports the court's finding that K.O.'s entry was unlawful: *62 K.O. entered the pickup truck at three a.m., he fled when the neighbor challenged him, and the movements observed by the neighbor suggest that K.O. was rifling through the glove compartment.[2]
¶ 11 K.O. next contends that due to the State's failure to offer testimony from the owner that K.O. lacked permission to enter the pickup truck, the juvenile court's finding that K.O.'s entry was unlawful was based on an improper inference from the circumstantial evidence presented. According to K.O., an inference that entry was unlawful is only one of many reasonable inferences that can be drawn from that evidence, thus creating a reasonable doubt on this element of vehicular burglary.[3] However, there is nothing in our jurisprudence that would require the juvenile court to eliminate all other possibilities before it may reach an inference based on the evidence presented. See State v. Tanner, 675 P.2d 539, 550-51 (Utah 1983) (holding that the inference need not eliminate all other possibilities that the crime may have been committed by another). Rather, we will affirm unless the juvenile court's inference "is so flawed as to render the inference clearly erroneous." State v. Briggs, 2008 UT 75, ¶ 11, 197 P.3d 628 (internal quotation marks omitted); see also State v. Lyman, 966 P.2d 278, 281 (Utah Ct.App.1998) ("It is well settled in this state that a conviction can be based on sufficient circumstantial evidence." (internal quotation marks omitted)). While not incontrovertible, there was a sufficient quantum of evidence as to each element of the crime so that the juvenile court's judgment of guilt was not against the clear weight of the evidence. See generally State v. Larsen, 2000 UT App 106, ¶ 10, 999 P.2d 1252 ("[A] conviction ... must be supported by a quantum of evidence concerning each element of the crime as charged from which the [factfinder] may base its conclusion of guilt beyond a reasonable doubt." (second alteration in original) (internal quotation marks omitted)).

II. The Juvenile Court Was Not Required to Conduct A Pretrial Reliability Hearing.
¶ 12 K.O. also argues that the juvenile court should have held a reliability hearing, in accordance with State v. Ramirez, 817 P.2d 774 (Utah 1991), before allowing the neighbor to testify as to the identification of K.O. as the perpetrator. See generally id. at 780 (outlining factors for determining whether eyewitness testimony is sufficiently reliable to be constitutionally admissible). We disagree for two reasons. First, K.O. waived this issue by failing to raise it in the juvenile court either by a request for a Ramirez hearing, a motion to suppress, or an objection at trial.[4]See State v. Lopez, 886 P.2d 1105, 1113 (Utah 1994) ("[T]his court has already held that it will not hear issues based on Ramirez that were not raised at trial." (citing State v. Olsen, 860 P.2d 332, 335 (Utah 1993) (rejecting argument that unreliable eyewitness testimony was inappropriately admitted where no constitutional objection was made in the trial court))).[5]
¶ 13 Second, a Ramirez hearing serves no purpose in a bench trial. In Ramirez, the Utah Supreme Court identified the factors a trial court should consider to assure that *63 eyewitness testimony is sufficiently reliable to be constitutionally admissible in a jury trial. See 817 P.2d at 780. In doing so, the supreme court focused on the trial court's "charge as a gatekeeper to carefully scrutinize proffered evidence for constitutional defects" so that the protection of the defendant's due process rights is not left to "the whim of the jury." Id. at 778. Before the eyewitness identification evidence is presented to the jury, the trial court must hold a hearing, if requested, to consider the factors identified by the supreme court as affecting that testimony's reliability. See id. If the testimony meets a threshold of reliability sufficient to comply with due process requirements, the trial court may admit it for the consideration of the jury. See id.
¶ 14 Here, K.O. argues that the juvenile court should have conducted a pretrial reliability hearing to determine whether the neighbor's identification of K.O. should be presented to that same juvenile court during trial. The exercise suggested by K.O. would be meaningless. There is simply no gatekeeping function involved in a trial to the bench; the trial court serves both as the factfinder and as the arbiter of whether the evidence is reliable enough to pass constitutional muster. See State v. Featherson, 781 P.2d 424, 431 (Utah 1989) ("It can be safely assumed that [a judge in a bench trial, acting as a trier of fact] will be somewhat more discriminating [than a jury] in appraising both the competency and the effect properly to be given evidence."); State v. Rimmasch, 775 P.2d 388, 407 (Utah 1989) (holding that even "[e]rroneous admissions of evidence are not as critical in a bench trial as where a jury is involved"). Consequently, no purpose would be served by bifurcating these functions, and the juvenile court did not err by considering the reliability of the eyewitness testimony during trial rather than holding a preliminary reliability hearing.

III. The Arresting Officer's Testimony Was Not Hearsay.
¶ 15 Finally, K.O. claims that the arresting officer's testimony regarding the neighbor's identification of K.O. was inadmissible hearsay. The juvenile court overruled K.O.'s objection at trial because the neighbor testified at trial and was available to be recalled. The Utah Rules of Evidence specifically provide that "[a] statement is not hearsay if ... [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is ... one of identification of a person made after perceiving the person." Utah R. Evid. 801(d). Because the officer's testimony pertained to the neighbor's identification of K.O. and the neighbor testified at the hearing and was subject to cross-examination, the officer's testimony was not hearsay.

CONCLUSION
¶ 16 The evidence was sufficient to support the juvenile court's finding that K.O. unlawfully entered the pickup truck. Furthermore, the juvenile court was not required to hold a sua sponte pretrial hearing on the reliability of the neighbor's identification of K.O. before admitting it in a trial where that same juvenile court was acting as the factfinder. Finally, the juvenile court properly overruled K.O.'s hearsay objection to the arresting officer's testimony regarding the neighbor's identification of K.O.
¶ 17 Affirmed.
¶ 18 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and STEPHEN L. ROTH, Judge.
NOTES
[1] The owner later determined that nothing was taken from the pickup truck.
[2] We likewise reject K.O.'s novel and unsupported argument that leaving a vehicle unlocked in a private driveway makes it "open to the public" so that entering it cannot be unlawful. Cf. Word v. State, 254 Ind. 542, 261 N.E.2d 225, 227 (1970) (applying the common law "breaking and entering" element, which connotes a more forceful means of intrusion than Utah's "unlawfully enter" element, and holding that opening an unlocked door may be sufficient to demonstrate burglary); Reed v. State, 767 S.W.2d 293, 295 (Tex.App.1989) (same).
[3] K.O. does not actually identify any alternative hypotheses that he believes the court should have considered, and we cannot think of a scenario where it would be reasonable to infer that a stranger had permission to enter an unlocked vehicle parked in a private driveway in the early hours of the morning.
[4] We reject K.O.'s argument that State v. Nelson, 950 P.2d 940 (Utah Ct.App.1997), imposed an independent obligation on the juvenile court to consider the neighbor's reliability prior to admitting his testimony, even in the absence of a request from K.O. Indeed, the Nelson defendant filed a motion to suppress at the trial level, which this court expressly held sufficient to preserve the issue for appeal. See id. at 942, 944.
[5] K.O. has failed to argue either plain error or exceptional circumstances on appeal.