2011 UT App 128

**SALT LAKE CITY, Plaintiff and Appellee,**

v.

**Austin James HUGHES, Defendant and Appellant.**

**No. 20100355–CA.**

Court of Appeals of Utah.

April 21, 2011.

Jon D. Williams, Salt Lake City, for Appellant.

Dawn W. Emery, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and VOROS.

## MEMORANDUM DECISION

VOROS, Judge:

¶1 Defendant Austin James Hughes appeals from a *Sery* plea to several class B misdemeanors.[1] *See generally State v. Sery,* 758 P.2d 935, 938–40 (Utah Ct.App.1988). He challenges the trial court's denial of his motion to suppress evidence obtained after he was stopped by police. Hughes contends that the stop was not justified at its inception; he does not challenge the scope of the detention. We affirm.[2]

¶2 At 2:30 a.m. on February 15, 2009, with temperatures in the twenties, a Salt Lake City police officer noticed Hughes, clad in jeans and a T-shirt, running at a "full sprint" eastbound down the middle of a city street. Hughes then ran diagonally across State Street outside of the crosswalk and entered a bank parking lot. The officer followed and stopped Hughes. The sole issue on appeal is whether, under the totality of the circumstances, this stop was supported by reasonable suspicion. Whether the trial court correctly denied the motion to suppress is a legal conclusion, which we review for correctness. *See State v. Brake,* 2004 UT 95, ¶¶10–15, 103 P.3d 699. However, we review for clear error the factual findings underlying a trial court's decision to deny a motion to suppress. *See State v. Krukowski,* 2004 UT 94, ¶11, 100 P.3d 1222.

¶3 "[I]t is settled law that 'a police officer may detain and question an individual when the officer has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity.'" *State v. Markland,* 2005 UT 26, ¶10, 112 P.3d 507 (quoting *State v. Chapman,* 921 P.2d 446, 450 (Utah 1996)). A stop is justified if it is "incident to a traffic violation committed in the officer['s] presence." *State v. Lopez,* 873 P.2d 1127, 1132 (Utah 1994) (internal quotation marks omitted). The relevant question is "whether the circumstances, viewed objectively, justify [the] action, regardless of the individual officer's state of mind." *State v. Worwood,* 2007 UT 47, ¶28, 164 P.3d 397 (alteration in original) (emphasis and internal quotation marks omitted).

¶4 The trial court ruled that the detention was justified because Hughes committed the offense of jaywalking in the officer's presence. While acknowledging that the trial court is in the best position to judge the credibility of the officer, Hughes nevertheless urges this court to "view as suspect" the officer's "clear recollection of the events that occurred almost 10 months prior to his testimony." He notes that the officer's written report made no mention of Hughes's failure to use the crosswalk and that Salt Lake City did not charge Hughes with jaywalking.

¶5 In determining the facts, the trial court "is in a unique position to assess the credibility of witnesses and weigh the evidence." *State v. Hansen,* 2002 UT 125, ¶48, 63 P.3d 650. Here, the officer was the only witness to testify, and he testified that he saw Hughes jaywalking. As he did below, Hughes points to details in the evidentiary picture that might have convinced the trial court to discredit the officer's testimony. However, the trial court obviously believed the officer on this point. "It is the province of the trier of fact to assess the credibility of witnesses, and we will not second-guess the trial court where there is a reasonable basis to support its findings." *Reed v. Reed,* 806 P.2d 1182, 1184 (Utah 1991).

¶6 Affirmed.

¶7 WE CONCUR: GREGORY K. ORME and WILLIAM A. THORNE JR., Judges.

---

1. These misdemeanors were driving under the influence of alcohol or drugs, unlawful possession of alcohol by a minor, and failure to report an accident.

2. We have determined that "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Utah R.App. P. 29(a)(3).