2011 UT App 396

**STATE of Utah, Plaintiff and Appellee,**

**v.**

**BHAG SINGH, Defendant and Appellant.**

**No. 20091030–CA.**

Court of Appeals of Utah.

Nov. 17, 2011.

David M. Perry, Logan, for Appellant.

Mark L. Shurtleff and Kris C. Leonard, Salt Lake City, for Appellee.

Before Judges ORME, ROTH, and CHRISTIANSEN.

MEMORANDUM DECISION

CHRISTIANSEN, Judge:

¶ 1 Defendant Bhag Singh appeals his conviction for sexual abuse of a child, *see* Utah Code Ann. § 76–5–404.1(2) (2008), following a bench trial. We affirm.

¶ 2 On appeal, Defendant contends that the trial court plainly erred in finding him guilty based on insufficient evidence; by not ensuring that Defendant knowingly, voluntarily, and intelligently waived his right to a jury trial; by granting the State's motion to allow two witnesses to testify via closed circuit television (CCTV); and by not following the requirements of rule 15.5 of the Utah Rules of Criminal Procedure to admit such testimony. In addition, Defendant claims that his counsel was ineffective for failing to object to the State's rule 15.5 motion, the State's motion to admit evidence of Defendant's prior bad act under rule 404(b) of the Utah Rules of Evidence, and when the State allegedly called Defendant a liar during closing argument. Finally, Defendant claims that the trial court abused its discretion when sentencing Defendant.

## I. Inadequate Briefing

¶ 3 Defendant fails to properly brief most of his claims. " 'Our rules of appellate procedure clearly set forth the requirements that appellants and appellees must meet when submitting briefs before this court.' " *Beehive Tel. Co. v. Public Serv. Comm'n,* 2004 UT 18, ¶ 12, 89 P.3d 131 (quoting *MacKay v. Hardy,* 973 P.2d 941, 947–48 (Utah 1998)); *see also* Utah R.App. P. 24(a). An issue is inadequately briefed "when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *State v. Thomas,* 961 P.2d 299, 305 (Utah 1998); *see also State v. Honie,* 2002 UT 4, ¶ 67, 57 P.3d 977 ("On appeal, the appellant is required to clearly define the issues and provide accompanying argument and authority; a reviewing court is not simply a depository in which the appealing party may dump the burden of argument and research."), *cert. denied,* 537 U.S. 863, 123 S.Ct. 257, 154 L.Ed.2d 105 (2002).

■ ¶ 4 Defendant fails to provide supporting record citations,[1] *see* Utah R.App. P. 24(a)(9) (requiring an appellant to include "citations to the authorities, statutes, and parts of the record relied on"), makes conclusory statements about the elements of his ineffective assistance of counsel claims,[2] and fails to develop the legal authority that supports his arguments.[3] *See State v. Gamblin,* 2000 UT 44, ¶¶ 6–7, 1 P.3d 1108 (explaining the briefing requirements for the argument section and determining that the appellant failed to meet the requirements when his "brief merely contain[ed] one or two sentences stating his argument generally, quote[d] favorable portions of the record, and then broadly conclude[d] that he [was] entitled to relief"). Accordingly, we decline to address his inadequately briefed arguments.

*See id.* ¶ 8 ("Briefs that do not comply with rule 24 'may be disregarded or stricken, on motion or sua sponte by the court.'" (quoting Utah R.App. P. 24(j))). Thus, we address only Defendant's claims that insufficient evidence supported his conviction, that the trial court plainly erred by allowing the witnesses to testify via CCTV pursuant to rule 15.5 and by employing the procedure used during that testimony, and that the trial court plainly erred by failing to ensure that Defendant knowingly, voluntarily, and intelligently waived his right to a jury trial.

## II. Insufficient Evidence

■■ ¶ 5 Defendant argues that the State presented insufficient evidence to support his conviction.[4] "When reviewing a bench trial

1. For example, Defendant claims, without any record citation for support, *see* Utah R.App. P. 24(a)(9), that the trial court did not review all of the legally relevant factors when it sentenced him. However, in making this argument, Defendant completely ignores that the court stated at the sentencing hearing that it had read the sentencing report and all of the related letters.

 Additionally, although Defendant cites "R–121" in support of his argument that the State called him a liar in closing arguments, we are unsure what this cite references because there is no page 121 in the transcript. Furthermore, the State actually asked the court to give more weight to the victim's testimony than to Defendant who "ha[d] every motive to lie on the stand, or rather, to not be completely forthcoming."

2. Defendant simply concludes that he was prejudiced without offering any factual or legal support or argument. "A brief must go beyond providing conclusory statements and fully identify, analyze, and cite its legal arguments. This analysis requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." *West Jordan City v. Goodman,* 2006 UT 27, ¶ 29, 135 P.3d 874 (citation and internal quotation marks omitted).

3. Defendant's rule 404(b) argument not only lacks legal support but also asserts prejudice simply by assuming that any opposition to the State's 404(b) motion would have been successful. *See generally State v. Cabututan,* 861 P.2d 408, 414 (Utah 1993) (rejecting an ineffective assistance of counsel claim when the defendant did not establish prejudice). Defendant claims that the court would have granted a motion had defense counsel objected to the admission of the 404(b) evidence because "[t]he courts rarely allow[] evidence of sex crimes against other vic-

tims." To support this statement, Defendant cites *State v. Johnson,* 2007 UT App 184, 163 P.3d 695, *cert. denied,* 186 P.3d 347 (Utah 2007). *Johnson,* however, addresses the admissibility of evidence of a prior domestic violence incident in a murder case, *see id.* ¶¶ 20, 24, 29, rather than the admissibility of evidence of prior sex crimes in a child sexual abuse case, and recognizes that "[u]nder rule 404(b), evidence of prior bad acts may only be admitted for noncharacter purposes, 'such as proof of motive, opportunity, *intent,* preparation, plan, knowledge, identity, or absence of mistake or accident.'" *Id.* ¶ 29 (emphasis added) (quoting Utah R. Evid. 404(b)). Defendant provides no analysis of why the court should have excluded the 404(b) evidence when his defense at trial was his lack of intent. Furthermore, Defendant misstates the holding of *State v. Verde,* 2010 UT App 30, 227 P.3d 840, *cert. granted,* 238 P.3d 443 (Utah 2010), and fails to show its applicability to his case, given that he was clearly arguing that the State could not prove he had the intent required by the statute. *See id.* ¶ 1.

 Additionally, Defendant's ineffective assistance of counsel claims do not adequately address "[t]he first prong of the *Strickland [v. Washington,* 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984)] standard ... [which] requires that a defendant rebut the strong presumption that 'under the circumstances, the challenged action might be considered sound trial strategy.'" *See State v. Litherland,* 2000 UT 76, ¶ 19, 12 P.3d 92 (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 (additional internal quotation marks omitted)).

4. Defendant argues that we should review this claim under the plain error doctrine. However, because he challenges the sufficiency of the evidence at a bench trial, Defendant did not need to

for sufficiency of [the] evidence, we must sustain the trial court's judgment unless it is against the clear weight of the evidence, or . . . the appellate court otherwise reaches a definite and firm conviction that a mistake has been made." *See State v. Larsen,* 2000 UT App 106, ¶ 10, 999 P.2d 1252 (internal quotation marks omitted).

¶ 6 Specifically, Defendant asserts that the State produced no evidence to prove that he acted with an intent to arouse or sexually gratify himself.[5] Defendant acknowledges that the victim and another witness both testified to similar experiences with Defendant touching and kissing them, and acknowledges that the other witness's testimony "was important for the State in order to attempt to show the [Defendant's] state of mind . . . when the touching of [the victim] occurred." However, Defendant suggests that such testimony was incredible and that the court should have relied on Defendant's own testimony at trial that he was not aroused by his actions.

■ ¶ 7 The trial court, rather than this court, is responsible for determining the credibility of a witness and assigning the proper weight to his or her testimony. *See Salt Lake City v. Hughes,* 2011 UT App 128, ¶ 5, 253 P.3d 1118 (mem.) ("In determining the facts, the trial court is in a unique position to assess the credibility of witnesses and weigh the evidence. . . . [W]e will not second-guess the trial court where there is a reasonable basis to support its findings." (internal quotation marks omitted)); *see also State v. Davis,* 711 P.2d 232, 234 (Utah 1985) (per curiam) ("A contradictory version of the facts, without more, is not a ground for reversal. The trier of fact is not obliged to believe the claims of defendant's witnesses." (citation omitted)). In finding Defendant guilty, the court clearly found the testimony of the victim and the other witness credible.

■ ¶ 8 With the court's credibility determination in mind, we consider whether the evidence produced at trial was sufficient to establish Defendant's intent to arouse or sexually gratify himself. "[I]ntent is a state of mind generally to be inferred from the person's conduct viewed in light of all the accompanying circumstances." *State v. Watkins,* 2011 UT App 96, ¶ 17, 250 P.3d 1019 (alteration in original) (internal quotation marks omitted), *cert. granted,* No. 20110458, 262 P.3d 1187 (Utah Aug. 4, 2011); *see also Davis,* 711 P.2d at 234 ("As to defendant's intent or state of mind, intent need not be proved by direct evidence, but may be inferred from defendant's conduct and surrounding circumstances.").

¶ 9 The eleven-year-old victim testified that during a sleepover with Defendant's daughter (Daughter), Defendant came into Daughter's bedroom after Daughter had left the room but while Defendant's son was still in the room under the bed covers. Defendant sat on the bed next to the victim. As he told the victim that he liked her and loved her, Defendant moved closer to her. Defendant then told her again that he loved her and rubbed her breasts approximately three times in an up and down motion. Defendant then leaned in and kissed the victim, sticking his tongue into her mouth as he did so. Another witness also testified that while at a sleepover with Daughter, Defendant sat next to the witness on the bed after Daughter had left the room. Defendant told the witness

separately preserve his argument for appeal. *See State v. Larsen,* 2000 UT App 106, ¶¶ 9 & n. 4, 10, 999 P.2d 1252 ("When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made either a motion to amend them, a motion for judgment, or a motion for a new trial." (quoting Utah R. Civ. P. 52(b))).

5. Defendant does not challenge the sufficiency of the evidence to establish the other elements of sexual abuse of a child. *See generally* Utah Code Ann. § 76–5–404.1(2) (2008) ("A person commits sexual abuse of a child if, under circumstances not amounting to rape of a child, object rape of a child, sodomy upon a child, or an attempt to commit any of these offenses, the actor touches the anus, buttocks, or genitalia of any child, the breast of a female child, or otherwise takes indecent liberties with a child, or causes a child to take indecent liberties with the actor or another with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person regardless of the sex of any participant.").

that he loved her, kissed her on the mouth, and then wiped his saliva off her mouth.

¶ 10 Given the similarity of the witnesses' testimony regarding the sexual nature of Defendant's actions and the trial court's credibility determinations, sufficient evidence supported the court's inference that Defendant committed his acts against the victim with the intent to arouse or sexually gratify himself. *See Watkins*, 2011 UT App 96, ¶ 18, 250 P.3d 1019 ("The evidence indicated that [the defendant] kissed Child wetly on the side of her head for approximately three minutes and that [the defendant] pinched and rubbed her buttocks for approximately two minutes. It was reasonable for the jury to infer from these facts that [the defendant] intended to arouse or gratify his sexual desire, and there is not an alternative explanation for [the defendant's] actions such that reasonable minds must have entertained a reasonable doubt as to [the defendant's] intent." (internal quotation marks omitted)); *State v. Maness*, 2010 UT App 370U, para. 4, 2010 WL 5452078 (mem.) (concluding that "the jury could properly draw the inference that defendant had the intent to arouse his own sexual desire" where he had "intentionally touched the victims' breasts and genitalia; did not obtain written permission from the victims before touching their breasts; manipulated the cloth drape, entered the room early, and lingered in the room following massages, allowing him to view the victims' naked bodies; touched the victims' genitalia during a massage procedure that should be performed without touching the genitalia; and touched the victims' breasts in a location and manner that would never be part of massage therapy, even if there had been written consent" (internal quotation marks omitted)); *In re B.K.*, 2000 UT App 302U, 2000 WL 33243776, paras. 2, 4 (mem.) (per curiam) (affirming a conviction where the victim testified that the defendant digitally penetrated her vagina while pulling on her swimsuit and noting that because the court found the victim's testimony more credible than the defendant's testimony, the court "could properly draw the inference that [the] defendant had the intent to arouse or gratify his own sexual desire" (internal quotation marks omitted)); *State v. Hall*, 946 P.2d 712,

724 (Utah Ct.App.1997) ("The evidence, viewed in the light most favorable to the jury's verdict, established that defendant pulled down [the victim's] shorts and panties and stroked her on the genital area. From this evidence, the jury could properly draw the inference that defendant had the intent to arouse or gratify his own sexual desire."), *cert. denied*, 953 P.2d 449 (Utah 1998).

### III. CCTV Testimony

¶ 11 Defendant argues that the trial court plainly erred by granting the State's rule 15.5 motion because the State had not produced evidence that testifying in open court would cause the minor witnesses emotional strain. Defendant also claims the court plainly erred when it failed to meet rule 15.5's requirements during the witnesses' testimony via CCTV. *See generally* Utah R.Crim. P. 15.5(b). Because Defendant did not preserve these arguments, we review them for plain error, which requires Defendant to prove three elements: "(i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for [Defendant]." *State v. Hassan*, 2004 UT 99, ¶ 10, 108 P.3d 695 (internal quotation marks omitted).

¶ 12 It appears that Defendant is correct in asserting that the trial court erred in not requiring the State to provide proof that testifying in Defendant's presence would cause the child witnesses to suffer emotional or mental strain or cause them to be unreliable witnesses. However, Defendant fails to show that had the court required additional proof of the witnesses' distress, required the witnesses to testify in open court, or followed the procedures required by rule 15.5, "there is a reasonable likelihood of a more favorable outcome." *See id.; see also State v. Dunn*, 850 P.2d 1201, 1224 (Utah 1993) ("We turn first to the element of prejudice. If there is no prejudice, we have no reason to reach the other elements of the [plain error] analysis."). Defendant argues that not having the witnesses testify in open court created a situation where they did not have "the incentive to be completely honest." However, he

has not demonstrated that the witnesses' testimony at trial differed from their previous statements to their parents or to the police, nor has Defendant demonstrated that if the witnesses could have seen Defendant or known he was listening, their testimony would have changed.[6] Furthermore, Defendant did not establish that the court's errors in not following the requirements of rule 15.5 during the trial affected the witnesses' testimony in a significant way. And because this was a bench trial, the possible prejudice of allowing the witnesses to testify outside the presence of the defendant was minimized as the trial court can consider the method in which the testimony was given in making its credibility determinations. *Cf. In re Estate of Baxter*, 16 Utah 2d 284, 399 P.2d 442, 445 (1965) ("[W]hen the trial is to the court, [its] rulings on evidence need not be subjected to quite such critical scrutiny as when [the trial] is to the jury, because in arriving at [its] conclusions upon the issues[, the court] will include in [its] consideration of them [its] knowledge and [its] judgment as to the competency, materiality and effect of evidence."). Therefore, because Defendant has failed to show that the court's error prejudiced him, we cannot say that the court plainly erred either in allowing the witnesses to testify or by failing to follow the procedures outlined by rule 15.5 for such testimony.[7]

## IV. Waiver of a Jury Trial

 ¶ 13 Lastly, Defendant argues that the trial court plainly erred in failing to ensure that he knowingly, voluntarily, and intelligently waived his right to a jury trial. It is well settled that a defendant may waive his or her right to a jury trial if the waiver is knowingly, voluntarily, and intelligently made. *See Hassan*, 2004 UT 99, ¶ 12, 108 P.3d 695. Defendant's verdict following his bench trial will not be set aside unless he plainly shows that his waiver of a jury trial

was not freely and intelligently made. As the Utah Supreme Court explained in *State v. Garteiz*, 688 P.2d 487 (Utah 1984) (per curiam):

"[A] determination of guilt by a court after waiver of jury trial could not be set aside and a new trial ordered except upon a plain showing that such waiver was not freely and intelligently made. If the result of the adjudicatory process is not to be set at naught, it is not asking too much that the burden of showing essential unfairness be sustained by him who claims such injustice and seeks to have the result set aside, and that it be sustained not as a matter of speculation but as a demonstrable reality. Simply because a result that was insistently invited, namely, a verdict by a court without a jury, disappointed the hopes of the accused, ought not to be sufficient for rejecting it. And if the record before us does not show an intelligent and competent waiver of the right to the assistance of counsel by a defendant who demanded again and again that the judge try him, and who in his persistence of such a choice knew what he was about, it would be difficult to conceive of a set of circumstances in which there was such a free choice by a self-determining individual."

*Id.* at 488 (quoting *Adams v. United States*, 317 U.S. 269, 281, 63 S.Ct. 236, 87 L.Ed. 268 (1942)).

 ¶ 14 Defendant argues that he did not knowingly, voluntarily, and intelligently waive his right to a jury trial because no colloquy took place and no interpreter was present at the time his counsel requested the bench trial. Neither a colloquy nor an interpreter is mandated for Defendant's jury waiver to be knowing, voluntary, and intelligent. *See Hassan*, 2004 UT 99, ¶¶ 18–19, 108 P.3d 695 (noting that although it is encouraged, a trial court is not required to have a

---

**6.** Not only does Defendant not claim that the witnesses' testimony was different than previous statements, Defendant acknowledges in his ineffective assistance of counsel argument that he cannot "be certain that the testimon[ies] the [witnesses] uttered would be any different if it were in the courtroom or in another room via" CCTV.

**7.** Defendant seems to suggest that the trial court's failure to follow the procedures outlined in rule 15.5 violated his constitutional right to confront the witnesses. However, Defendant has not adequately briefed any claim of a constitutional violation, *see* Utah R.App. P. 24(a)(9); *West Jordan City v. Goodman*, 2006 UT 27, ¶ 29, 135 P.3d 874, and therefore, we do not address it further, *see* Utah R.App. P. 24(k).

colloquy with the defendant before granting a waiver to a jury trial "if other factors indicate that he knowingly, intelligently, and voluntarily waived the right"); *State v. Jadama*, 2010 UT App 107, ¶ 16, 232 P.3d 545 (stating that making "an accommodation [to a defendant] is not equivalent to a determination by the trial court under applicable rules that a defendant *needs* an interpreter" (emphasis in original)), *cert. denied*, 241 P.3d 771 (Utah 2010). Given the totality of the circumstances—Defendant had an interpreter while he consulted with his attorney about waiving his right to a jury trial and his attorney requested the bench trial in Defendant's presence—Defendant has not established that he did not knowingly, voluntarily, and intelligently waive his right to a jury trial. Thus, the trial court did not plainly err.

¶ 15 Affirmed.

¶ 16 WE CONCUR: GREGORY K. ORME and STEPHEN L. ROTH, Judges.