**2013 UT App 124**

## THE UTAH COURT OF APPEALS

KELLI ANN ROPER,
Plaintiff and Appellee,
*v.*
JACOB MICHAEL SHOVAN,
Defendant and Appellant.

Per Curiam Decision
No. 20130134-CA
Filed May 16, 2013

Third District, West Jordan Department
The Honorable Mark S. Kouris
No. 120415652

Jacob Michael Shovan, Appellant Pro Se
Kelli Ann Roper, Appellee Pro Se

Before JUDGES THORNE, VOROS, and CHRISTIANSEN.

PER CURIAM:

¶1      Appellant Jacob Michael Shovan appeals the district court's issuance of a civil stalking injunction. Accordingly, the issues before this court are limited to a determination whether the district court erred in issuing the civil stalking injunction. To the extent that Shovan seeks affirmative relief regarding issues of child custody and parent-time, those issues are not properly before this court on appeal and must be pursued within the pending divorce proceedings between Shovan and Appellee Kelli Ann Roper. This case is before the court on a sua sponte motion for summary disposition.

¶2      "In order to enter a civil stalking injunction, the district court must conclude that 'an offense of stalking has occurred' that meets the criteria for the 'crime of stalking as defined by [Utah Code]

section 76-5-106.5(2)'—the criminal stalking statute." *Coombs v. Dietrich*, 2011 UT App 136, ¶ 2, 253 P.3d 1121 (quoting Utah Code Ann. § 77-3a-101(1), (5) (2008)).

> A person is guilty of stalking who intentionally or knowingly engages in a course of conduct directed at a specific person and knows or should know that the course of conduct would cause a reasonable person . . . to fear for the person's own safety or the safety of a third person or . . . to suffer other emotional distress.

Utah Code Ann. § 76-5-106.5(2) (LexisNexis 2012). "Course of conduct" includes "two or more acts directed at or toward a specific person, including . . . acts in which the actor follows, monitors, observes, photographs, surveils, threatens, or communicates to . . . a person . . . directly" or "approaches or confronts a person." *Id*. § 76-5-106.5(1)(b)(i),(ii). "[W]e review the trial court's findings of fact for clear error, reversing only where [a] finding is against the clear weight of the evidence, or if we otherwise reach a firm conviction that a mistake has been made." *ProMax Dev. Corp. v. Mattson*, 943 P.2d 247, 255 (Utah Ct. App. 1997).

¶3 Roper alleged two incidents to establish a course of conduct constituting stalking, each of which arose when Shovan was picking up the parties' children to exercise parent time. In each instance, Roper alleged that Shovan physically and verbally confronted Roper in the presence of the children causing her to be frightened for her safety. Although Shovan and Roper were divorced in a bifurcated proceeding, the divorce proceedings remained pending, and the divorce court had not entered any final order on custody and parent time issues. Following a hearing, the district court found that

> [Shovan] intentionally and knowingly engaged in a course of conduct that would cause a reasonable

person to fear bodily injury or suffer emotional distress on two or more occasions. Specifically, given the tumultuous relationship this couple's had, for him to show up, he knows that's going to cause problems, yet he chooses to do it anyway. Second of all, he should have known or did know in fact the victim would be bothered by this; and lastly, that she was in fear and suffered some emotional distress because of this.

¶4    After explaining the requirements of the civil stalking injunction, the district court also explained, on the record, the parent-time schedule established by the temporary order of the divorce court. Although a dispute arose at the hearing regarding the parent-time schedule, the district court clearly limited its ruling to enforcing the divorce court's temporary order, while urging the parties to diligently proceed to obtain a final decree from the divorce court. Shovan's claim that the district court in the civil stalking case ordered less parent-time than he was entitled to by statute is without merit. The district court in this case was bound by the order in the divorce court, and any modification or interpretation of that order must be pursued in the ongoing divorce proceedings. Similarly, to the extent that Shovan seeks affirmative relief from this court to modify parent-time, we lack jurisdiction to consider those issues and claims and they must be pursued in the divorce case.

¶5    Shovan contends that the district court in the civil stalking case incorrectly considered how Roper "felt" in ruling on the civil stalking injunction. "A person is guilty of stalking who intentionally or knowingly engages in a course of conduct directed at a specific person and knows or should know that the course of conduct would cause a reasonable person" to fear for her safety or the safety of a third person or "to suffer other emotional distress." Utah Code Ann. § 76-5-106.5(2). "'Reasonable person' means a reasonable person in the victim's circumstances." *Id*. § 76-5-106.5(1)(e). Roper alleged two incidents in which Shovan

confronted her at the children's school or in her neighborhood and acted in a confrontational or harassing manner toward her. Under the civil stalking statute, the district court appropriately considered Roper's reaction to Shovan's behavior as a reasonable person under the victim's circumstances. The district court's findings are not clearly erroneous and support the civil stalking injunction.

¶6     Shovan claims that he was prevented by the district court from presenting all relevant evidence and that the district court incorrectly limited the evidence to that related to the two alleged incidents of stalking. The district court properly limited the evidence and testimony to the events of October 24 and November 9, 2012. At several points in the hearing, the district court asked Shovan whether he had any additional information he wanted to provide about those events. Also during the hearing, the district court asked whether Roper had any evidence of the parties' arrangements for picking up the children on October 24, or November 9, 2012. Roper produced an email and testimony about communication with Shovan. The district court then made the same inquiry of Shovan, who stated that he did not have any emails with him in court.

¶7     Shovan was not limited in his testimony about his understanding of the arrangements for the days in question. For the first time on appeal, he argues that previously undisclosed emails dated September 12, and October 23, 2012, support his position regarding the parties' agreements. However, because those emails were not presented to the district court, we do not consider them on appeal. "Under ordinary circumstances, we will not consider an issue brought for the first time on appeal unless the trial court committed plain error or exceptional circumstances exist." *RJW Media, Inc. v. CIT Grp./Consumer Fin., Inc*, 2008 UT App 476, ¶ 24 n.3, 202 P.3d 291 (citation and internal quotation marks omitted). Finally, when Shovan expressed to the district court that he believed he had not been allowed to fully explain his position, the district court asked him what he felt he had not been able to explain and gave him an opportunity to do so. Shovan's response

was to accuse Roper of lying, rather than to identify any evidence that he wished to place before the court. Shovan was not prevented from presenting any testimony or evidence that was relevant to the stalking allegations and was given a fair opportunity to present any evidence.

¶8     Shovan also claims that the district court exhibited bias or prejudice towards him. A claim of judicial bias or prejudice must be raised in a timely manner by a motion filed in the district court under rule 63 of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 63(b). Shovan did not file such a motion. Accordingly, we also do not consider that claim because it is raised for the first time on appeal.

¶9     Finally, Shovan claims that Roper was generally untruthful in her testimony and therefore this court should disregard it on appeal. However, we defer to the advantaged position of the district court to make credibility determinations and will not substitute our judgment for that of the district court. *Salt Lake City v. Hughes*, 2011 UT App 128, ¶ 5, 253 P.3d 1118 ("It is the province of the trier of fact to assess the credibility of witnesses, and we will not second-guess the trial court where there is a reasonable basis to support its findings.").

¶10    We conclude that the district court's factual findings supporting the ultimate conclusion that Shovan engaged in a course of conduct that would cause a reasonable person in Roper's position to fear for her safety or experience emotional distress are not clearly erroneous and that they support the decision to issue the stalking injunction in this case. *See Coombs v. Dietrich*, 2011 UT App 136, ¶ 16, 253 P.3d 1121. Accordingly, we affirm the district court's decision.

———————